# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE INDIGO GROUP USA, INC., | CASE NO.: CV 11-05883-MWF(CWx) |
| Plaintiff, | The Honorable Michael W. Fitzgerald, United States District Judge |
| vs. | **AMENDED JUDGMENT AFTER TRIAL** |
| POLO RALPH LAUREN CORPORATION, | |
| Defendant. | |

    This action came on regularly for jury trial between October 8, 2013, and October 30, 2013, in Courtroom 1600 of this United States District Court. Plaintiff was The Indigo Group USA, Inc. Plaintiff was represented by Glen Kulik, Esq., and Natalie Wright, Esq., of Kulik Gottesman & Siegel LLP. Defendant Polo Ralph Lauren Corporation was represented by Andrew M. White, Esq., David E Fink, Esq., and Eric W. May, Esq., of Kelley Drye & Warren LLP, and Hajir Ardebili, Esq., of Skiermont Derby LLP.

    A jury was regularly empaneled and sworn. Witnesses were sworn and testified and exhibits were admitted into evidence. After hearing the evidence and

arguments of counsel, the members of the jury were duly instructed by the Court and the cause was submitted to the jury. The jury deliberated and thereafter returned five special verdicts as follows:

**Indigo's First Clam (Breach of Contract)**

1. Did Indigo prove that the contract between the parties, properly interpreted, contained an agreement that Indigo would be the exclusive manufacturer of all of Polo's requirements for garments based on patterns that Indigo developed for Polo?

_____ YES \_\_\_X\_\_\_ NO

If your answer to question 1 is Yes, then answer question 2. If your answer to question 1 is No, then stop here, answer no further questions, and have the presiding juror sign and date the form.

**Indigo's Second Claim (Breach of Contract)**

1. Did Indigo prove that Polo breached the contract for Indigo to manufacture approximately 8,584 denim garments?

\_\_X\_\_ YES _____ NO

If your answer to question 1 is Yes, then answer question 2. If your answer to question 1 is no, then stop here, answer no further questions, and have the presiding juror sign and date the form.

2. Did Polo prove that it terminated the contract for cause as set forth in Paragraph VIII of Exhibit 9 to the Vender Compliance Packet?

_____ YES \_\_\_X\_\_\_ NO

If your answer to question 2 is Yes, then stop here, answer no further questions, and have the presiding juror sign and date the form. If your answer to

question 2 is No, then answer question 3.

3. Did Polo prove that Indigo repudiated the contract for Indigo to manufacture approximately 8,584 denim garments by expressing an unequivocal intent not to perform at any time, taking such action as to make its performance impossible, or taking action that shows an irrevocable decision not to perform?

_____ YES  \_\_\_X\_\_\_ NO

If your answer to question 3 is Yes, then stop here, answer no further questions, and have the presiding juror sign and date the form. If your answer to question 3 is No, then answer question 4.

4. Did Polo prove that Indigo failed to provide adequate assurance if demanded by Polo?

_____ YES  \_\_\_X\_\_\_ NO

If your answer to question 4 is Yes, then stop here, answer no further questions, and have the presiding juror sign and date the form. If your answer to question 4 is No, then answer question 5.

5. Did Polo prove by clear and convincing evidence that Indigo waived its rights under the contract to manufacture 8,584 denim garments?

_____ YES  \_\_\_X\_\_\_ NO

If your answer to question 5 is Yes, then stop here, answer no further questions, and have the presiding juror sign and date the form. If your answer to question 5 is No, then answer question 6.

6. What are Indigo's damages for the breach of contract in Indigo's second claim?

$ 600,490.33

**Indigo's Third Claim (Promissory Estoppel)**

1. Did Indigo prove each of the six elements of promissory estoppel, relating to certain alleged clear and unambiguous promises by Polo relating to "RL Denim"?

_____ YES   ___X___ NO

If your answer to question 1 is Yes, then answer questions 2 and 3. If your answer to question 1 is No, then stop here, answer no further questions, and have the presiding juror sign and date the form.

**Indigo's Fourth Claim (Copyright)**

1. Did Indigo prove that Indigo and Polo are joint authors of certain "cut-and-sew" patterns?

___X___ YES   _____ NO

2. Did Polo prove that Indigo conveyed in writing to Polo any rights that Indigo might have had in the "cut-and-sew" patterns?

_____ YES   ___X___ NO

**Polo's First and Second Claims (Breach of Contract/Implied Obligation of Good Faith)**

1. Did Polo prove that Polo and Indigo formed a contract in regard to approximately 3,305 denim garments for the Women's Blue Label brand?

___X___ YES   _____ NO

If your answer to question 1 is Yes, then answer question 2. If your answer to question 1 is No, then stop here, answer no further questions, and have the

presiding juror sign and date the form.

2. Did Polo prove that Indigo breached the contract concerning the approximately 3,305 denim garments for the Women's Blue Label brand?

_____ YES   \_\_\_X\_\_\_ NO

Whether your answer to question 2 is Yes or No, please answer question 3.

3. Did Polo prove that Indigo breached the implied obligation of good faith contained in the contract?

_____ YES   \_\_\_X\_\_\_ NO

If your answer to *either* question 2 or 3 is Yes, then answer question 4. If your answers to *both* questions 2 and 3 are No, then stop here, answer no further questions, and have the presiding juror sign and date the form.

Now, therefore, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure**, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment in this action be entered as follows:

1. *On Indigo's First Claim for Relief for breach of contract*: Judgment is entered in favor of Defendant Polo Ralph Lauren, and against Plaintiff Indigo Group. Plaintiff Indigo Group shall take nothing on its first claim by its Complaint.
2. *On Indigo's Second Claim for Relief for breach of contract*: Judgment is entered in favor of Plaintiff Indigo Group and against Defendant Polo Ralph Lauren, as follows: $600,490.33.
3. *On the Third Claim for Relief for promissory estoppel*: Judgment is entered in favor of Defendant Polo Ralph Lauren, and against Plaintiff Indigo Group. Plaintiff Indigo Group shall take nothing on its third claim by its Complaint.

5
**AMENDED JUDGMENT AFTER TRIAL**

4. *On Indigo's Fourth Claim for Relief for copyright joint ownership*: Judgment is entered in favor of Plaintiff Indigo Group and against Defendant Polo Ralph Lauren, as follows, in accordance with the findings of the Court-appointed Special Master: $5,489.00.

5. *On Polo's First and Second Claims for Relief for breach of contract and implied obligation of good faith:* Judgment is entered in favor of Plaintiff Indigo Group and against Defendant Polo Ralph Lauren. Defendant Polo Ralph Lauren shall take nothing on its first and second claims.

Plaintiff Indigo Group is further awarded its costs as provided by law, except for the attorneys' fees and costs of the accounting, which are divided equally between the parties.

Dated: December 21, 2017.

_____
MICHAEL W. FITZGERALD
United States District Judge